IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS CURTIS, JR., #285543, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-87-TMH |
| | ) | |
| | ) | |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Francis Curtis, Jr.["Curtis"], a state inmate, on February 11, 2013. Curtis initiated this petition as an attack on the validity of convictions for manufacturing methamphetamine and possession of methamphetamine imposed upon him by the Circuit Court of Houston County, Alabama on September 7, 2012.  Curtis challenges the constitutionality of his guilty pleas premised on alleged ineffective assistance of counsel. Specifically, Curtis argues that counsel acted improperly because he coerced the petitioner to enter guilty pleas to the controlled substance offenses based on promises of certain sentences but the promised sentences did not materialize.  In addition, Curtis argues counsel failed to explain the appellate process to him.

Curtis did not appeal his convictions nor at the time of filing this action had he filed

any state post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure seeking relief from the state courts with respect to these convictions.  Curtis' convictions therefore became final by operation of law on October 19, 2012, forty-two days after imposition of sentence, as this is the date on which his time to seek direct review expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure* (notice of appeal must be filed within 42 days after pronouncement of sentence); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea and imposition of sentence], when the time for filing a direct appeal expired.").[1]

Upon review of the petition and as Curtis had not yet presented his claims to the state courts in a Rule 32 petition, the court entered an order affording Curtis an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies.  *Order of February 14, 2013 - Doc. No. 2*.  In response to this order, Curtis did not address his failure to exhaust available state court remedies but, instead, presented an unrelated and irrelevant argument with respect to allowing the petition to "go forward and not be time barred."  *Pet'r's Show Cause Resp. - Doc. No. 7* at 1.  Since Curtis failed to address the exhaustion defense, the court issued a second order directing Curtis "to ***show***

---

[1] Under applicable state law, Curtis is allowed a year from the date his convictions became final to file a Rule 32 petition with the Circuit Court of Houston County, Alabama.  *See* Rule 32.2(c), Ala. R. Cr. P, as amended effective August 1, 2002 (A petition filed under Rule 32 challenging convictions not appealed to the Alabama Court of Criminal Appeals must be filed "within one (1) year after the time for filing an appeal lapses . . . .").

2

***cause why this petition should not be dismissed without prejudice so that he may exhaust his available state court remedies***."  *Order of March 27, 2013 - Doc. No. 9* at 1 (emphasis in original).  Despite two separate opportunities to do so, Curtis has not addressed his failure to exhaust state court remedies.

## II.  DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State . . ." 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  It is undisputed that Curtis has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief as Curtis may present his ineffective assistance of counsel claims to the state courts in a Rule 32 petition. This court does not deem it appropriate to rule on the merits of Curtis' claims without first requiring that he exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Curtis can pursue the state court remedies which are available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied; and

2. The petition be dismissed without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further

ORDERED that on or before **May 6, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33

(11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 22nd day of April, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE